# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD K. GIAMMANCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-1238 CAS |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Donald Giammanco seeks to remove a criminal proceeding, in which he is being prosecuted on four counts of robbery, from the Circuit Court of St. Louis County to this Court pursuant to 28 U.S.C. § 1443(1). The Court has reviewed the notice of removal and will remand the case pursuant to 28 U.S.C. § 1446(c)(4).

The State indicted defendant on October 22, 2008, and defendant was arraigned on October 29, 2008. See State v. Giammanco, 08SL-CR07124-01 available at https://www.courts.mo.gov/casenet/base/welcome.do. As grounds for removal, defendant alleges that (1) the State has put him in double jeopardy in violation his Fifth and Fourteenth Amendment rights, (2) the State is using "selective prosecution" in violation of his Fifth and Fourteenth Amendment rights, (3) the State has violated his right to a speedy trial, (4) the State has denied his right to fair bail, (5) the trial court has denied his requests to file pleadings and motions in open court, and (6) trial counsel has been ineffective and the trial court has refused his request to withdraw counsel.

## Standard for Removal

Title 28 U.S.C. § 1443 states, in relevant part:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997). "'[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." State of Ga. v. Rachel, 384 U.S. 780, 800 (1966)).

To properly effect removal, "[a] notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except . . . for good cause shown." 28 U.S.C. § 1446(c)(1).

Title 28 U.S.C. § 1446(c)(4) states, "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

**Discussion**

None of defendant's grounds for removal justify removing the criminal action to this Court. Defendant has not shown that he is relying on a law of general application that is stated in terms of racial equality. Defendant merely argues that he is being denied general constitutional rights by the trial court – violations which can be addressed on appeal or in habeas corpus proceedings. As a result, removal under 28 U.S.C. § 1443(1) is not available to defendant, and the Court must summarily remand the case to the state court pursuant to 28 U.S.C. § 1446(c)(4).

Additionally, as is stated above, a notice of removal of a criminal prosecution must be filed no later than thirty days after the arraignment in state court. 28 U.S.C. § 1446(c)(1). Defendant's arraignment took place on October 29, 2008. Defendant did not file his notice of removal until July 9, 2010. And defendant has failed to show good cause for the late filing of the notice of removal. Therefore, the notice of removal is time-barred as well.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Circuit Court of St. Louis County.

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Circuit Court of St. Louis County, with reference to State v. Giammanco, 08SL-CR07124-01.

**IT IS FURTHER ORDERED** that Giammanco's motion to proceed in forma pauperis [Doc. No. 3] is **GRANTED**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __1st__ day of September, 2010.